**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION**

| | | |
|---|---|---|
| **PABLO OLIVAS,** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | | Cause No. _____ |
| § | | |
| **UNITED STATES OF AMERICA,** § | | |
| **and GERARDO TERRAZAS,** § | | |
| *Defendants.* § | | |
| § | | **Non-Jury** |
| § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Comes Now, Plaintiff, Pablo Olivas (hereinafter referred to as "Plaintiff"), complaining of the United States of America, and Gerardo Terrazas (hereinafter collectively referred to as "Defendants"), and respectfully shows as follows.

**Jurisdiction and Venue.**

1. Plaintiff is an individual, and is a resident of Chaparral, Dona Ana County, in the State of New Mexico.

2. Defendant, the United States of America, is a governmental entity that can be served with process by delivering a copy of this complaint and a summons providing for sixty days in which to answer this complaint, as required by Rule 12(a)(2) of the Federal Rules of Civil Procedure, via registered or certified mail to the following:

>The Attorney General of the United States
>950 Pennsylvania Avenue, NW
>Washington, DC 20530-0001

*and*

Civil Process Clerk at the
United States Attorney's Office
District of New Mexico
PO Box 607
Albuquerque, NM 87103

3.      Defendant, Gerardo Terrazas, is an individual, and a resident of Chaparral, Dona Ana County, in the State of New Mexico; he can be served with process in person or by mail at 1180 Los Santos, Chaparral, New Mexico 88081, or wherever else he may be found.

4.      As it relates to Defendant, the United States of America, this action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq*.  As such, this Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).  And pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over all other claims asserted herein.

5.      On January 16, 2019, Plaintiff filed an administrative tort claim with the Department of the Army as required by 28 U.S.C. § 2675(a).  More than six months have passed since Plaintiff filed his claim.  Accordingly, Plaintiff is authorized to file suit in accordance with 28 U.S.C. § 2675.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) as Plaintiff resides within the District of New Mexico, Las Cruces Division.

**Factual Allegations.**

7.      On or about December 8, 2018, Plaintiff was driving his vehicle westbound on the 8600 block of a street known as the Edge of Texas, and was lawfully and prudently stopped at a stop sign, waiting his turn to proceed.

8.      At the same time, Latone Sonnier, a soldier in the U.S. Army, driving a Ford F150 truck owned by the Army, was traveling southbound on the 13300 block of Gateway South, in El Paso County, Texas.  Latone Sonnier was attempting to make a left-hand turn onto eastbound Edge

of Texas, but ran a stop sign and/or failed to yield the right-of-way to northbound traffic on Gateway. As such, the Army vehicle driven by Latone Sonnier collided with a vehicle driven by Defendant Gerardo Terrazas, who was proceeding north on Gateway (the "first collision").

9. Thereafter, both of the vehicles that were involved in the first collision (i.e., the vehicles driven by Latone Sonnier and Gerardo Terrazas) violently struck Plaintiff's vehicle. At the time, Plaintiff was still lawfully and prudently stopped at the stop sign on westbound Edge of Texas.

10. As an operator of a motor vehicle using the public road system, Latone Sonnier had a duty to use reasonable and prudent care. Latone Sonnier breached said duty by driving negligently and carelessly, thereby proximately causing—separately and/or in conjunction with the conduct of the other defendant—Plaintiff's injuries and damages. Further, Latone Sonnier was within the course and scope of her employment with the United States Army at the time of the accident. Accordingly, the United States of America is responsible for Latone Sonnier's conduct pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and/or the doctrine of *respondeat superior*.

11. Likewise, Gerardo Terrazas, as an operator of a motor vehicle using the public road system, also had a duty to use reasonable and prudent care. Gerardo Terrazas could have, seen, perceived, reacted to, and avoided the imminent collision with Latone Sonnier, but failed to do so. As such, Gerardo Terrazas, by driving negligently and carelessly, thereby proximately caused—separately and/or in conjunction with the conduct of the other defendant—Plaintiff's injuries and damages.

**NEGLIGENCE BY DEFENDANT UNITED STATES OF AMERICA.**

12. Among other things, Latone Sonnier was negligent in the following aspects:

a.  In failing to control his speed as persons exercising ordinary care would have maintained under the same or similar circumstances;

b.  In failing to keep a proper lookout;

c.  In negligently failing to slow and stop his vehicle in order to avoid the collision;

d.  In failing to exercise ordinary care for the safety of others;

e.  In negligently failing to keep said vehicle under proper control;

f.  In operating said vehicle in a negligent manner;

g.  Negligently failing to stop said vehicle when danger to Plaintiff was imminent;

h.  In failing to stop at the stop sign and/or failed to yield the right-of-way at the intersection in question; and

i.  Driver inattention.

Each of the aforementioned negligent acts or omissions taken singularly, collectively, or in any combination of the Defendant, constituted a proximate cause of the collision and of the resulting damages and injuries to Plaintiff.

## Federal Tort Claims Act.

14. Under the laws of the State of New Mexico, a private person would be liable to Plaintiff for the foregoing described acts, omissions, and statutory violations. Accordingly, The United States of America is liable for Latone Sonnier's conduct pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, and/or the doctrine of *respondeat superior*. *See* 28 U.S.C. §§ 1346, 2674.

## NEGLIGENCE BY DEFENDANT GERARDO TERRAZAS.

The collision and Plaintiff's injuries suffered by reason thereof were proximately caused by Defendant Gerardo Terrazas' negligent and careless disregard of duty which consisted of, but in not limited to the following acts and omissions:

4

a. In failing to control his speed as persons exercising ordinary care would have maintained under the same or similar circumstances;

b. In failing to keep a proper lookout;

c. In negligently failing to slow and stop his vehicle in order to avoid the collision;

d. In failing to exercise ordinary care for the safety of others;

e. In negligently failing to keep said vehicle under proper control;

f. In operating said vehicle in a negligent manner;

g. Negligently failing to stop said vehicle when danger to Plaintiff was imminent;

h. In failing to stop at the stop sign and/or failed to yield the right-of-way at the intersection in question; and

i. Driver inattention.

Each of the aforementioned negligent acts or omissions taken singularly, collectively, or in any combination of the Defendant Terrazas, constituted a proximate cause of the collision and of the resulting damages and injuries to Plaintiff.

## **Plaintiff's Damages.**

15. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

(a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Las Cruces, New Mexico.

(b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c) Physical pain and suffering in the past;

(d) Physical pain and suffering in the future;

(e) Physical disfigurement in the past and future;

(f)   Mental anguish in the past and future;

(g)   Physical impairment in the past and future;

(h)   Lost wages in the past and loss of earning capacity in the future; and

(i)   Property damage.

16. Additionally, as a direct, natural and proximate consequence of Defendants' negligence, Plaintiff has been unable to perform his duties in the household and participate in activities as he did prior to the accident.

17. By reason of all of the above, Plaintiff suffered losses and damages in the amount of $1,010,000, for which he seeks judgment against Defendants.

## Plaintiff's Prayer for Relief.

*Wherefore, premises considered*, Plaintiff, Pablo Olivas, respectfully prays that Defendants, the United States of America and the Gerardo Terrazas, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants awarding damages in an amount not less than $1,010,000, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**RUHMANN LAW FIRM**
5915 Silver Springs, Bldg. #1
El Paso, Texas 79912
(915) 845-4529
(915) 845-4534 Fax

By:   */S/John L. Anderson*
**CHARLES J. RUHMANN, IV**
**JOHN LOMAX ANDERSON**
*Attorneys for Plaintiff,*
*Pablo Olivas*